UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT A. CODER | * | CIVIL ACTION |
| VERSUS | * | NO. 22-29 |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | * | SECTION "E" (2) |

### REPORT AND RECOMMENDATION

Plaintiff Robert A. Coder filed this suit seeking judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") under section 405(g) of the Social Security Act ("the Act"). ECF No. 1. Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B), this matter was referred to the undersigned United States Magistrate Judge for submission of Findings and Recommendations. The parties did not unanimously consent to proceed before a magistrate judge.

Pending before me is the Commissioner of Social Security's Unopposed Motion to Reverse and Remand. ECF No. 19. For the reasons below, the undersigned recommends that Defendant's motion be granted, that the Administrative Law Judge's (ALJ) decision be reversed, that this matter be remanded for further administrative proceedings in accordance with sentence four of 42 U.S.C. § 405(g), and that judgment be entered dismissing this case.

### I.   BACKGROUND

Plaintiff Coder seeks judicial review under § 405(g) of the Commissioner's final decision denying his claim for disability insurance benefits ("DIB") under Title II of the Act.[1]  Plaintiff

---

[1] 42 U.S.C. §§ 405(g), 416(i), 423.

1

filed an application for DIB alleging disability commencing on September 26, 2019, manifesting as depression, bipolar and related disorder, trauma and stressor-related disorders. *See, e.g.,* ECF No. 10, at 50, 156. His application was denied at the initial as well as on reconsideration. *Id.* at 58-78. A hearing was conducted before ALJ Jim Frasier who issued an unfavorable decision. *Id.* at 20-31, 36-48.

After filing his complaint for judicial review of the Commissioner's decision, Coder filed a Motion for Summary Judgment. ECF No. 1, 13. He argues that (1) an award of benefits is appropriate because the ALJ's decision shows that a clear 12 month period of disability exists; (2) the ALJ improperly rejected the sole treating mental health opinion; (3) the ALJ's residual functional capacity (RFC) rests upon legal error because he failed to include all the functional limitations stemming from the combination of all Plaintiff's disorders; and (4) the presiding ALJ lacked legal authority to hear and decide this case because he was not properly appointed under the Constitution. ECF No. 13-2, at 2.

After filing and Answer (ECF No. 11) and in lieu of responding to the Motion for Summary Judgment, the Commissioner filed an Unopposed Motion to Reverse and Remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) to allow the Commissioner to conduct further proceedings. ECF No. 19, at 1. In its motion, Defendant concedes that remand for further proceedings is warranted. *Id.* ¶ I, at 1. The motion is captioned as unopposed, and it was not noticed for hearing. A member of my staff has confirmed that Plaintiff has no opposition to the motion.

II.     **APPLICABLE LAW AND ANALYSIS**

Section 405(g) permits only two types of remand orders: "(1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence."[2] Sentence-six remands may be ordered

---

[2] *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

in only two situations: (1) where the Secretary requests a remand before answering the complaint, or (2) where new, material evidence is adduced that was for good cause not presented before the agency.[3] In this case, Defendant seeks remand under sentence four, which authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing, based on the pleadings and transcript of the record.[4]

Reversal of the Commissioner's decision and remand for further proceedings is appropriate under sentence four of 42 U.S.C. § 405(g) when the record is insufficient to support the Commissioner's conclusions and further fact-finding is necessary.[5] A sentence four remand requires the district court to enter a decision on the merits before remanding a case to the Commissioner.[6] Thus, a request to remand for further administrative proceedings, like the remand requested in the Commissioner's motion, is a fourth sentence remand under section 405(g) and requires that the court enter a decision,[7] which in this case is a requested reversal.

The Commissioner's motion apparently, though not expressly, concedes that substantial evidence in the record is lacking at this time to uphold the decision when she asks that the court reverse that decision so that further proceedings may be conducted. ECF No. 19, at 1. Accordingly, it appears that good cause exists to support reversal of the decision and to remand this case.

---

[3] *Shalala v. Schaefer*, 509 U.S. 292, 297n.2 (1993) (citing § 405(g) (sentence six); *Melkonyan*, 501 U.S. at 99–100, & n.2; *cf. Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)).
[4] 42 U.S.C. § 405(g).
[5] *See* 42 U.S.C. § 405(g); *Shalala*, 509 U.S. at 297 (stating that a district court remanding a case pursuant to sentence four of Social Security Act must enter judgment either affirming, reversing or modifying the decision of the Commissioner); *Finkelstein*, 496 U.S. at 625-26 (sentence four provides the appropriate relief when the evidence on the record is insufficient to support the Commissioner's conclusions and further fact-finding is necessary).
[6] *Melkonyan*, 501 U.S. at 98.
[7] *See Sullivan*, 496 U.S. at 625-26 (sentence four provides the appropriate relief when the evidence on the record does not support the Commissioner's conclusions and further fact finding is necessary).

### III. RECOMMENDATION

Having reviewed the record, the submissions of the parties, and the applicable law, and for the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's Unopposed Motion to Reverse and Remand (ECF No. 19) be GRANTED, and judgment be entered REVERSING the Commissioner's decision and REMANDING the case for further administrative proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[8]

New Orleans, Louisiana, this 16th day of August, 2022.

DONNA PHILLIPS CURRAULT<br>
UNITED STATES MAGISTRATE JUDGE

---

[8] *See* 28 U.S.C. § 636(b)(1)(C); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).