UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ROBERT A. CODER | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 22-29 |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | * | SECTION "E" (2) |

**REPORT AND RECOMMENDATION**

Before the Court is a Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b)(1)(A) filed by attorney David F. Chermol as counsel for Plaintiff Robert A. Coder seeking an award of 25% of Plaintiff's past due benefits, less the prior $7,000 awarded pursuant to the Equal Access to Justice Act. ECF No. 26; *see also* ECF No. 25. Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, neither supports nor opposes the motion as the Commissioner. ECF No. 27.

This matter was referred to the undersigned United States Magistrate Judge for determination and submission of findings and recommendations. ECF No. 28; *see also* 28 U.S.C. § 636(b); Local Rule 73.2(B). For the following reasons, the undersigned RECOMMENDS that the motion be GRANTED and that $10,679.97 in fees and costs be awarded, representing $17,679.97 or 25% of the past-due benefits awarded plus costs less the previous $7,000 fee award.

**I.   BACKGROUND**

Plaintiff Coder filed this suit for judicial review under § 405(g) of the Commissioner's final decision denying his claim for disability insurance benefits ("DIB") under Title II of the Act.[1] Plaintiff's DIB application alleged disability commencing on September 26, 2019, manifesting as

---

[1] 42 U.S.C. §§ 405(g), 416(i), 423.

depression, bipolar and related disorders, trauma and stressor-related disorders. *See, e.g.,* ECF No. 10, at 50, 156. The Commissioner denied the application at the initial level and on reconsideration, after which ALJ Jim Fraiser issued an unfavorable decision. *Id.* at 58-78, 20-31, 36-48.

Plaintiff sought review in this court. ECF No. 1. In response to Plaintiff's Motion for Summary Judgment (ECF No. 13), the Commissioner filed an Unopposed Motion to Reverse and Remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) to allow the Commissioner to conduct further proceedings. ECF No. 19, at 1. The Court granted the motion to remand and issued judgment in favor of Plaintiff. ECF Nos. 22, 23. Plaintiff then filed a motion for attorneys' fees under the Equal Access to Justice Act, and the court awarded Plaintiff $7,000 in fees. ECF Nos. 24, 25.

Following remand, the SSA awarded Plaintiff $70,719.90 in past-due benefits. ECF No. 26-1 at 3. Under Plaintiff's fee agreement with counsel, the maximum charge for fees is $7,200 plus out of pocket expenses. *Id.* For that reason, the Commissioner withheld $17,679.98 to address any fee award, and continued to hold the balance of $10,479.98. *Id.* at 4.

Plaintiff's counsel seeks payment of $10,679.97, reflecting the net amount of a 25% fee award after reducing same by the prior $7,000 award. ECF No. 26 at 2 ¶ 5. In response, the Commissioner stated that it has no stake in the outcome because any award must be payable from Plaintiff's past due benefits rather than from the Commissioner, which fee award issue is separate and distinct from the Commissioner's withholding and direct payment obligation. ECF No. 27 at 1-2. The Commissioner further argues that the court must determine whether the fee award is reasonable and has the discretion to issue an award not to exceed 25% of the past-due benefits. *Id.* at 2. She asks that any award not include language directing the Commissioner to pay the award

or that it indicate that the award is to be paid out of Plaintiff's past-due benefits in accordance with agency policy. *Id*. at 2-3.

## II. APPLICABLE LAW

Section 406(b)(1)(A) of the SSA provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.[2]

Regardless of whether the court, or the agency on remand, awards past-due benefits, the court in its discretion may authorize a reasonable § 406(b) fee award not to exceed the statutory ceiling.[3] The attorney seeking fees bears the burden to "show that the fee sought is reasonable for the services rendered."[4]

A social security claimant can invoke § 406(b) only when he has obtained a favorable judgment and an award of past-due benefits, and the attorneys' fees are payable "out of, and not in addition to, the amount of such past-due benefits."[5] Section 406(b) is not a fee-shifting provision like the EAJA: "Section 406(b) is of another genre: It authorizes fees payable from the

---

[2] 42 U.S.C. § 406(b)(1)(A).
[3] *Calhoun v. Kijakazi*, No. 18-9574, 2021 WL 4774891, at *2 (E.D. La. Oct. 13, 2021) (Feldman, J.) (citing *Jackson v. Barnhart*, 705 F.3d 527, 531 (5th Cir. 2013) (joining "[a]ll five circuits to consider the question[, which] have determined that § 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand.")).
[4] *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).
[5] 42 U.S.C. § 406(b)(1)(A). Although the Fifth Circuit had interpreted § 406 to preclude combining § 406(a) fees for work done at the administrative level with § 406(b) fees for work done in court from exceeding 25% of the past-due benefits, the Supreme Court overruled that interpretation. *Compare Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970), *with Culbertson v. Berryhill*, 586 U.S. ----, 139 S. Ct. 517, 519 (2019) ("the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b).").

successful party's recovery."[6]  In this case, counsel's request appears to fall within the old limit, with his agency fees and court fees totaling 25% of past-due benefits.

    The Supreme Court has held that § 406(b) does not displace contingent-fee agreements as the primary means for setting fees for the successful representation of social security claimants.[7] That said, § 406(b) calls for courts to review contingency fee arrangements as an independent check and to assure that they yield reasonable results.[8]  While the traditional lodestar method is not exclusively applied to determine § 406(b) fee awards, courts may consider the lodestar method in determine whether a fee award would constitute a windfall.[9]  Thus, the court may consider an effective hourly rate "but only so long as this mathematical calculation is accompanied by a consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him."[10]  Although the Fifth Circuit declined to provide an exhaustive list of factors that courts should consider when determining whether a particular fee is unearned, it identified several factors considered by other courts, including risk of loss in the representation, attorney experience, percentage of the past-due benefits the fee constitutes, value of the case to the claimant, degree of difficulty, and whether the client consents to the fee.[11]

    "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."[12]  But the *Gisbrecht* "windfall" does not preclude attorneys from recovering what may seem like a high fee award if the attorney's success on appeal

---

[6] *Gisbrecht*, 535 U.S. at 802.
[7] *Id.* at 790.
[8] *Id*. at 807.
[9] *Calhoun*, 2021 WL 4774891, at *2.
[10] *Taylor v. Comm'r of Soc. Sec.*, No. 21-792, 2023 WL 4925280, at *2 (W.D. La. Apr. 3, 2023), (citing *Jeter v. Astrue*, 622 F.3d 371 (5th Cir. 2010)), *R.&R. adopted*, 2023 WL 4921515 (W.D. La. Aug. 1, 2023).
[11] *Jeter*, 622 F.3d at 382 (citation omitted).
[12] *Gisbrecht,* 535 U.S. at 808 (citing *Rodriquez v. Bowen*, 865 F.2d 747 (6th Cir. 1989) (reviewing court should disallow "windfalls for lawyers"); *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990) (same)).

is of his own making.[13]  In assessing § 406(b) awards, federal courts in Louisiana have approved awards that would result in effective hourly rates that exceed accepted lodestar hourly market rates.[14]  For instance, two years ago, Judge Feldman found a § 406(b) fee award of $17,522.25 reasonable for 34 hours of work that resulted in past-due benefits of $71,124.50.[15]

### III.   ANALYSIS

#### A. Timeliness

The court issued a final judgment in this case on September 2, 2022.  ECF No. 23.  When Plaintiff filed his motion for fees under the EAJA, he did not request a deadline after any subsequent award within which to seek fees under § 406(b).[16]  The Commissioner issued a Notice of Award on September 16, 2023 (ECF No. 26-1), and counsel filed this § 406(b) motion on December 5, 2023.  ECF No. 26.  Counsel explains that the Notice of Award was not sent to counsel, but he obtained a copy on December 4, 2023.  *Id*. at 1 n.1.

A motion for attorney's fees under § 406(b) is governed by Federal Rule of Civil Procedure 54(d)(2) which provides that the motion for fees must be filed no later than 14 days after entry of judgment "unless otherwise provided by statute or order of the court."[17]  Given that a § 406(b) fee motion is not available until after the Commissioner issues a favorable award on remand, however,

---

[13] *Calhoun*, 2021 WL 4774891, at *2 (citing *Jeter*, 622 F.3d at 381).

[14] *See, e.g., Taylor*, 2023 WL 4925280, at *1 (finding fee award of $22,866.23 as reasonable for 18.9 hours of attorney time and 7.3 hours of paralegal time to achieve past-due benefits of $120,264.90, plus $2,440 per month in continuing benefits); *Sonnier v. Comm'r of Soc. Sec.*, No. 21-00774, 2022 WL 19976929, at *2 (W.D. La. Nov. 21, 2022) (finding fee award of $15,821.25 award reasonable for 37.9 hours of attorney time and 8.4 hours of paralegal time to achieve past-due benefits of $63,285); *Washington v. Saul*, No. 17-8734, 2021 WL 3375493, at *2 (E.D. La. May 20, 2021) (North, M.J.) (recommending § 406(b) award with effective hourly rate of $792.99 based on substantial past-due award), *R.&R. adopted*, 2021 WL 3362954 (E.D. La. Aug. 3, 2021); *Daigle v. U.S. Comm'r, Soc. Sec. Admin.*, No. 16-1445, 2019 WL 1103554, at *3 (W.D. La. Mar. 8, 2019) (approving an effective hourly rate of over $848.74/hour as reasonable based on the attorney's work and successful representation); *see also Shaderock v. Colvin*, 220 F. Supp. 3d 47, 48 (D.D.C. 2016) (approving § 406(b) fee award that amounted to an hourly rate of $696.65, or 2.36 times counsel's normal hourly rate and citing cases approving larger multipliers).

[15] *Calhoun,* 2021 WL 4774891, at *3.

[16] *Id*. at *2 (noting that plaintiff's counsel requested permission to file his § 406(b) motion within 30 days of the Notice of Award).

[17] *Pierce v. Barnhart*, 440 F.3d 657, 663-664 (5th Cir. 2006) (citations omitted); Fed. R. Civ. P. 54(d)(2).

the motion may not be ripe until months or even years after entry of judgment. For that reason, courts "routinely entertain § 406(b) requests filed after the 14–day deadline in recognition of the fact that further administrative proceedings are often required after a district court's entry of judgment, rendering observance of this deadline frequently impractical."[18]

To assess timeliness, the court looks to whether the time of filing was reasonable and whether it caused any prejudice or harm to the defendant.[19] Given the filing of this motion within one day of obtaining notice of the award and the absence of any prejudice to the defendant, the motion should be considered timely.

### B. Reasonableness of Requested Fee Award

Mindful of the permissive nature of the § 406(b) fee award inquiry, the court must assess the reasonableness of a request for attorneys' fees under § 406(b). In this case, Plaintiff's counsel's work led the Agency to voluntarily agree to remand the matter for further administrative proceedings, which further proceedings resulted in an award of $70,719.90 in past benefits as well as continuing future benefits of approximately $1,250 per month for this 35-year-old claimant. ECF No. 26-1. Considering the effective services rendered, the attorney's risk that no benefits would be awarded and he would recover nothing under the contingent fee arrangement, the attorney's expertise in social security cases, the efficient litigation and lack of delay in the case, and the issues presented by the case, the court finds that an award of $17,679.97 is reasonable.

---

[18] *Scott v. Kijakazi*, No. 15-404, 2021 WL 4129477, at *2 (M.D. La. Aug. 25, 2021) (citing *Wilcox v. Astrue*, No. 07-0365, 2010 WL 3075264, at *1 (S.D. Tex. Aug. 5, 2010)), *R.&R. adopted*, No. 15-404, 2021 WL 4130180 (M.D. La. Sept. 9, 2021).

[19] *Id.* (citing *Daigle v. Soc. Sec. Admin.*, No. 06-2393, 2010 WL 3522389, at *3 (W.D. La. Aug. 31, 2010) (finding that § 406(b) fee motion filed four months after the notice of award was timely)).

### C. Obligation to Remit Smaller Fee

Federal law makes it a crime for an attorney to "charge[ ], demand[ ], receive[ ], or collect[ ] for services rendered in connection with proceedings before a court . . . any amount in excess of that allowed by the court."[20] In 1985, Congress amended § 206(b) of the EAJA, to clarify that "no violation of law occurs 'if, where the claimant's attorney receives fees for the same work under both [42 U.S.C. § 406(b) and 28 U.S.C. § 2412(d)], the claimant's attorney refunds to the claimant the amount of the smaller fee.'"[21]

The court previously awarded Plaintiff attorney's fees in the amount of $7,000 under the EAJA. ECF No. 25. Once the Court determines a reasonable § 406(b) fee amount, if the plaintiff's attorney received fees pursuant to the EAJA as well as § 406(b) fees, then the attorney must refund the amount of the smaller fee to the plaintiff.[22] The recommended § 406(b) fee award exceeds the EAJA fee award; therefore, Plaintiff's counsel must refund the $7,000 EAJA award to plaintiff.[23]

## IV. RECOMMENDATION

Having reviewed the record, the submissions of the parties, and the applicable law, and for the foregoing reasons,

**IT IS RECOMMENDED** that the motion for attorneys' fees (ECF No. 26) be GRANTED.

**IT IS FURTHER RECOMMENDED** that fees in the amount of $17,679.97 be awarded to Plaintiff's counsel David F. Chermol as attorneys' fees pursuant to 42 U.S.C. § 406(b) for his work before the court in this case, with the amount to be paid from the past due benefits held by the Commissioner for such purposes.

---

[20] *Rice v. Astrue*, 609 F.3d 831, 835–36 (5th Cir. 2010) (quoting 42 U.S.C. § 406(b)(2)).
[21] *Astrue v. Ratliff*, 560 U.S. 586, 595 (2010) (quotation omitted).
[22] *See, e.g., Gisbrecht*, 535 U.S. at 796; *McGraw v. Barnhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006) (counsel should "make the required refund to his client, rather than . . . delegate that duty to the Commissioner.").
[23] *Gisbrecht,* 535 U.S. at 796.

**IT IS FURTHER RECOMMENDED** that the fee awarded to counsel David F. Chermol be reduced by the $7,000 EAJA fee previously awarded, resulting in a net payment of an additional $10,679.97 to equal the full $17,679.97 § 406(b) fee award.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from *de novo* review by the district judge and from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[24]

New Orleans, Louisiana, this __4th__ day of January, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[24] *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 1(a), 6(b) and 72(b); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).